IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DONALD CRAIG CONNER | § | |
| v. | § | CIVIL ACTION NO. 9:11v22 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Donald Conner, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Conner does not challenge the legality of his conviction, but rather the computation of his sentence. He says that the Director of TDCJ has unlawfully "sentenced" him to serve 13 more years beyond his original sentence of 25 years, claiming that this amounts to double jeopardy, cruel and unusual punishment, and a violation of due process.

The Magistrate Judge ordered the Respondent to answer Conner's petition. In his answer, the Respondent says that Conner was released on parole on October 27, 1993, and was returned to the custody of the Director on August 11, 2003, following the revocation of this parole. On February 6, 2006, Conner was again paroled, and he was returned to the custody of the Director following the revocation of his parole on February 16, 2010. The Respondent argued that Conner's claims with regard to the 2003 revocation are barred by the statute of limitations and that all of Conner's claims lacked merit. Conner did not file a response to the answer.

On May 12, 2011, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that Conner's claims concerning the 2003 revocation were barred by the statute of limitations and that both of his claims lacked merit. The Magistrate Judge noted that under 508.283(c), in order to receive credit for the time served on parole, the parolee must have been out on parole for at least half of his remaining sentence from the date that he was paroled. In this case, Conner did not reach the half-way point either of the times that he was paroled, and so he was not entitled to credit for the time spent on parole prior to the revocations.

The Magistrate Judge noted that Texas law has long provided that the time spent on parole or mandatory supervision which is subsequently revoked is not counted toward the sentence, a provision which has been upheld by the Fifth Circuit. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). The law was revised in 2001 to provide that inmates who reach the half-way point do not lose all of their time, but only a portion thereof, but Conner did not reach the half-way point either time that he was paroled, and so he forfeited all of the time spent on parole prior to the revocation. Because this forfeiture was done in accordance with Texas law, as upheld by the Fifth Circuit, the Magistrate Judge recommended that the petition be dismissed and that Conner be denied a certificate of appealability *sua sponte*.

Conner filed objections to the Magistrate Judge's Report on July 11, 2011. In his objections, Conner argues first that he is a "person with a disability" under the Americans with Disabilities Act because he suffers from "chronic psychosis and bipolar disorder caused by drug addiction." He indicates that this should be grounds for tolling the limitations period.

Next, Conner says that he has a "state created liberty interest" with regard to his 1991 conviction, pointing to the Supreme Court's decision in Lynce v. Mathis, 519 U.S. 433 (1997), in which the Supreme Court held that the retroactive cancellation of early release credits violated the *Ex Post Facto Clause*. However, Conner fails to show how this decision applies to his circumstance, in that he did not show that any retroactive actions were taken towards him. Instead, the facts in Conner's case show that he was released on parole on two different occasions and his parole was

revoked each time, and so he did not receive credit for the time which he had spent on parole prior to the revocation, in accordance with Texas law. Neither Lynce nor the *Ex Post Facto* clause has any bearing on these facts.

Conner also cites Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415 (1987). In that case, the Supreme Court held that a Montana parole statute created a constitutional expectancy of early release based on the mandatory language contained within the statute. Allen, 482 U.S. at 376. This case likewise has no bearing on the claims presented by Conner.

Conner's objections nowhere mention the salient fact of his case, which is that his parole was revoked prior to his reaching the half-way point, and so all of the time which he had spent on parole prior to the revocation was not counted toward his sentence. The prison officials did not extend his sentence, but merely calculated it according to law. Conner also failed to show that his alleged disability should entitle him to equitable tolling with regard to the fact that his claim regarding the 2003 revocation is barred by limitations. Conner's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, including the answer of the Respondent, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Donald Conner is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **29** day of **July, 2011.**

_____
Ron Clark, United States District Judge